Edward T. Weber, Esq., #194963
Kristi M. Wells, Esq. #276865
**LAW OFFICES OF EDWARD T. WEBER**
17151 Newhope Street, Suite 203
Fountain Valley, California 92708
Telephone: 657-235-8359
Facsimile: 714-459-7853
Email: ed@eweberlegal.com

Attorney for Movant
SASSAN RAISSI, A SOLE INDIVIDUAL, AS TO AN UNDIVIDED 600,000/1,429,000 INTEREST; JERRY KIACHIAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, AS TO AN UNDIVIDED 629,500/1,429,000 INTEREST; MOHSEN KEYASHIAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, AS TO AN UNDIVIDED 200,00/1,429,000 INTEREST

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>Pierce Contractors, Inc.,<br><br>Debtor. | Case No.: 20-50182<br><br>*Chapter 11*<br><br>RS: ETW-002<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: December 4, 2020<br>Time: 10:00 a.m.<br>Place: 280 South First Street<br>Courtroom 11<br>San Jose, CA |

### I. Introduction

Movant, SASSAN RAISSI, A SOLE INDIVIDUAL, AS TO AN UNDIVIDED 600,000/1,429,000 INTEREST; JERRY KIACHIAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, AS TO AN UNDIVIDED 629,500/1,429,000 INTEREST; MOHSEN KEYASHIAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY,

1

AS TO AN UNDIVIDED 200,00/1,429,000 INTEREST, hereby moves this court for an Order under §362(d)(1) and (d)(2) terminating the Automatic Stay, allowing Movant to proceed with enforcement of its non-bankruptcy rights to foreclose and if necessary obtain possession of the subject real property including proceeding with an Unlawful Detainer action in state court. The real property in question is: **<u>194 LANTZ DRIVE, MORGAN HILL, CALIFORNIA, 95037.</u>** Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

## II. Parties in Interest

On or about May 2, 2019, Debtor and Borrower, Richard Alan Pierce, executed a Note in the original principal amount of $1,429,000.00 ("Note"). The indebtedness under the Note is secured by a Deed of Trust recorded against the Property in First position ("Deed of Trust"). A true and correct copy of the Note and Deed of Trust, including the legal description, is filed concurrently herewith as Exhibits "A." and "B", respectively. Movant is the current beneficiary under the Deed of Trust and current holder of the Note. Movant's loan servicing agent is Superior Loan Servicing.

On or about January 31, 2020, Debtor filed for protection under Chapter 11 of Title 11 of the United States Code and initiated the within case. To the extent that relief sought herein is granted, the U.S. Trustee should be bound by any such Order. No other Trustee has been appointed.

## III. No Equity

Secured Creditor is one of three lienholders on the subject property. The amount owed on Secured Creditor's lien is $1,797,904.59. Debtor Schedules value the property at $2,000,000.00. With 8% cost of sale, ($160,000.00) there is insufficient equity to protect Movant. See Exhibit "D".

2

The property taxes are delinquent on the subject property. The 2018-2019 tax years are delinquent. The 1st installment amount owed is $246.04. These taxes were due June 30, 2020; 2nd installment amount owed is $290.64. These taxes were due August 31, 2020. The 2019-2020 tax years are delinquent. The 1st installment amount owed is $2,806.46. These taxes were due June 30, 2020; 2nd installment amount owed is $3,107.10. These taxes were due August 31, 2020. The 2nd installment of the 2020-2021 tax years is owed in the amount of $22,937.37. These taxes were due December 10, 2019. See Exhibit "E". Further, Debtor failed to disclose a 2nd and 3rd lien for $470,000.00 and $300,000.00. These liens were not listed in Debtor's Schedules. See Exhibit "C".

### IV. No Plan

This case is 10 months old and there has been no Plan filed. Debtor has failed to file a Plan despite two Orders of the Court setting deadlines. See Exhibits "F" and "G". This delay is prejudicial to creditors. Debtor and Borrower Pierce have never made any payment on Movant's loan. Movant's loan is 16 months old. There is no Plan in prospect at this time. See Exhibit "H".

### V. Prior Related Bankruptcy Cases

Debtor's principal Richard Alan Pierce, has a substantial prior bankruptcy history including two cases filed since Movant's loan was made. See Exhibits "I", "J", "K", "L" and "M". Debtor's principal is likely residing in the property, at the creditor's expense.

### IV. Argument

Under 11 U.S.C. §362(d)(1), on request of a party of interest, the Court shall terminate, annul, modify or condition the stay for "cause." Under Section (d)(2), relief may be granted for no equity.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1. Terminating or modifying the stay, as to the Debtor and Debtor's bankruptcy estate,

allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property, and/or confirm no stay is in effect or applicable to Movant.

    2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

    3. That the fourteen (14) day stay under F.R.B.P. 4001(a)(3) be waived;

    4. For such other relief as the Court deems proper.

LAW OFFICES OF EDWARD T. WEBER

Dated: November 4, 2020    By: _____
                                    Edward T. Weber, Esq.
                                    Attorneys for Movant