MARTA E. VILLACORTA (NY SBN 4918280)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone: (408) 535-5525
Facsimile: (408) 535-5532
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re: <br><br> Pierce Contractors, Inc., <br><br> Debtor. | Case No. 20-50182 MEH <br><br> Chapter 11 <br><br> Date: March 18, 2021 <br> Time: 10:00 a.m. <br> Ctrm: Telephone/Teleconference |

**UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE DISCLOSURE ASPECT OF THE DEBTOR'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

Tracy Hope Davis, the United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this objection ("Objection") to the Disclosure Statement to the *Combined Chapter 11 Plan of Reorganization and Disclosure Statement Dated February 24, 2021* ("Combined Plan and Disclosure Statement"), ECF No. 73 filed by the above captioned Debtor, Pierce Contractors, Inc. ("Debtor"). In support, the United States Trustee states the following:

//

//

//

//

## I. INTRODUCTION.

The United States Trustee objects to the approval of the disclosure statement to the proposed Combined Plan and Disclosure Statement because it does not meet the requirements of section 1125 of the Bankruptcy Code.[1] The Disclosure Statement should not be approved for dissemination to creditors until it is amended to provide adequate information, as defined under Section 1125. The Combined Plan and Disclosure Statement should explain how the plan will be effectuated, how the Debtor will make its Effective Date obligations, and include sufficient evidence regarding the Debtor's financial condition to confirm the proposed plan. The Debtor is delinquent in filing monthly operating reports. The budget provided in support of approval of the Combined Plan and Disclosure Statement does not include UST quarterly fees, in contravention of 1125 and 1129 of the Bankruptcy Code. For these reasons, the United States Trustee objects to approval of the Disclosure Statement to the Plan, and represents that the Disclosure Statement and Plan should not be approved for dissemination to creditors without amendment to address the deficiencies cited in this Objection. The United States Trustee reserves her rights to object to any amended Combined Plan and Disclosure Statement filed prior to the March 18 Hearing.

To the extent that the Debtor fails to address these deficiencies, the United States Trustee reserves her rights to object to confirmation of the plan, or to object to any subsequently-filed amended plan or disclosure statement filed prior to the hearing.

## II. JURISDICTION AND STANDING.

Under 28 U.S.C. § 586(a)(3), the United States Trustee is charged with supervising the administration of cases and trustees "by, whenever the United States trustee considers it to be appropriate" taking certain action. *See* 28 U.S.C. §§ 586(a)(3)(A)-(I). This duty is part of the United States Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994). Under 11 U.S.C. § 307, the United States Trustee has standing to be heard and to object to the Combined Plan and Disclosure Statement addressed herein. 11 U.S.C. § 307.

//

---

[1] The Debtor filed the Combined Plan and Disclosure Statement on February 24, 2021, and a hearing is set for March 18, 2021, at 10:00 A.M. ECF No. 75 (the "March 18 Hearing"). The objection deadline is seven (7) days prior to the disclosure statement hearing, or March 11, 2021. *See* B.L.R. 3017-1. This Objection is therefore timely filed.

## III. BACKGROUND

### a. Summary of Facts

On January 31, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF No. 1. The Debtor is represented by The Mlnarik Law Group, Inc. *See* ECF No. 35.

The Debtor is a plumbing and construction contracting business that filed after defaulting on loan payments for real property and vehicles that it owns. ECF No. 31.

No Official Committee of Unsecured Creditors has been appointed by the United States Trustee, and no Chapter 11 trustee has been appointed in this case. *See* Docket.

The Section 341 Meeting of Creditors was initially held on March 3, 2020 and continued to March 17, 2020, continued again to April 17, 2020, continued again to May 22, 2020, continued again to June 5, 2020 when it was concluded. *Id*.

The Debtor has failed to file Monthly Operating Reports ("MORs") for March 2020, June 2020, July 2020, August 2020, September 2020, October 2020, November 2020, December 2020, and January 2021. *See* Docket.

The Debtor's most recent Operating Report for May 2020 states that the Debtor has had $0 in total receipts since the case's filing. ECF No. 52.

### b. The Debtor's Scheduled Assets and Liabilities

On February 28, 2020, the Debtor also filed its Statement of Financial Affairs and Schedules A through H. ECF Nos. 15 & 16.

The Debtor listed an ownership interest in one piece of real property located at 194 Lantz Drive in Morgan Hill, California ("Morgan Hill Property") valued at $2,000,000. ECF No. 15.

The Debtor's Schedule D lists $1,626,229.51 in secured claims on the Morgan Hill property. ECF No. 15. The Debtor's Schedule E/F lists $14,000 in unsecured claims. *Id*. One unsecured proof of claim has been filed for $3,763.17 by ACAR Leasing LTD. *See* Claims Register, Claim No. 4-2.

//
//
//

**c. The Debtor's Combined Plan and Disclosure Statement**

On February 24, 2021, the Debtor filed its Combined Plan and Disclosure Statement. ECF No. 73 On March 2, 2021, the Debtor filed a Notice of Hearing on the Disclosure Statement portion for March 18, 2021.

Exhibit 1 states that the Debtor will fund the Combined Plan and Disclosure Statement through capital contributions from the Debtor's managing member, Richard Pierce. ECF No. 73, p. 13. Exhibit 1 states that Mr. Pierce will be receiving a "large personal injury settlement prior to the Plan's Effective Date related to a plane crash that killed his wife, Stacey Pierce." *Id*. It also states that Mr. Pierce is not allowed to disclose the amount of the settlement. *Id.* The Debtor also attached a declaration from Mr. Pierce's attorney in the personal injury settlement, John K. Crowley, which states that the settlement will be sufficient to "pay the arrearage of $156,083.43." ECF No. 74.

Part 3 of the Combined Plan and Disclosure Statement states that "[a]ll fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due." ECF No. 73, p.5. Part 7 of the Combined Plan and Disclosure Statement also states that the Debtor "shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6)[.]" *Id*. at 10. However, Exhibit 3 of the Combined Plan and Disclosure Statement, the Debtor's Monthly Income and Expenses, does not include a line item for payment of these fees. *Id*. at 15.

Exhibit 3 also lists the Debtor's monthly income of $25,000.000 coming exclusively from "Capital Contribution from Owner – Monthly beginning April 1, 2021." *Id*. at 15

Exhibit 4 of the Combined Plan and Disclosure Statement, the Debtor's Effective Date Feasibility calculation, states that the Debtor will make $60,611.46 in Effective Date payments using $75,000 of cash on hand. ECF No. 73, p. 16.

**IV. <u>APPLICABLE LAW</u>**

Section 1125 requires that, prior to the solicitation of votes on a plan of reorganization, each impaired claimant and interest holder must receive a disclosure statement that has been approved by the court as containing "adequate information." 11 U.S.C. §1125(b); *In re Kelley*, 199 B.R. 698, 703 (B.A.P. 9th Cir. 1996). "Adequate information" is information that is in sufficient detail including "the nature and

history of the debtor and the condition of the debtor's books and records" along as to enable "a hypothetical reasonable investor" to make an informed judgment about the plan. *See* 11 U.S.C. § 1125(a); *see also In re Commercial Western Finance Corp.*, 761 F.2d 1329, 1331 n.1 (9th Cir. 1985).

To satisfy the requirements of adequate information under 11 U.S.C. § 1125, a disclosure statement "must contain the necessary financial information, data, and projections relevant to the creditor's decision to accept or reject the Chapter 11 plan." *In re Ferguson*, 474 B.R. 466, 476 (Bankr. D.S.C. 2012); *see also In re Beltrami Enters.*, 191 B.R. 303, 304 (Bankr. M.D. Pa. 1995); *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981). "The importance of full disclosure is clear since there is substantial reliance placed upon the Disclosure Statement by the creditors and the court. Given this reliance, the Debtor-in-Possession's obligation to provide sufficient data to satisfy the Code standard of 'adequate information'" is of substantial concern. *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 54 (S.D.N.Y. 1999) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988)).

Courts have recognized that "if it appears there is a defect that makes a plan inherently or patently unconfirmable, the Court may consider and resolve that issue at the disclosure stage before requiring the parties to proceed with solicitation of acceptances and rejections and a contested confirmation hearing." *In re American Capital Equipment LLC*, 688 F.3d 145, 156 (3rd Cir. 2012); *see also In re Main St. AC, Inc.*, 234 B.R. 771, 775 (Bankr. N.D. Cal. 1999) ("It is now well accepted that a court may disapprove of a disclosure statement ... if the plan could not possibly be confirmed."); *In re Silberkraus*, 253 B.R. 890, 899 (Bankr. C.D. Cal. 2000).

## V. ANALYSIS

For the reasons set forth below, this disclosure statement should not be approved in its current form because the Debtor has failed to satisfy its burden to show the Combined Plan and Disclosure Statement contains adequate information within the meaning of section 1125(a). The lack of disclosure regarding how the Debtor will meet its obligations under the Combined Plan and Disclosure Statement makes the Plan unfeasible and unconfirmable in its current form.

**a. The Combined Plan and Disclosure Statement Fails to Make Adequate Disclosures.**

The Debtor's Combined Plan and Disclosure Statement does not contain adequate information to meet the standards of Section 1125 or support the Debtor's plan payment calculations and appears patently

unfeasible. As stated above, Section 1125 requires sufficient information regarding debtor's plan for reorganization, the debtor's history, the debtor's ongoing financial condition, and other adequate information as determined by the facts of the case. *Ringel Valuation Servs. v. Shamrock Foods Co. (In re Ariz. Fast Foods, Ltd. Liab. Co.)*, 299 B.R. 589, 593 (Bankr. D. Ariz. 2003).

### i. The Debtor's Monthly Income and Expenses

The Combined Plan and Disclosure Statement does not provide adequate information to support the Debtor's monthly income. The Disclosure Statement and Plan, along with the Debtor's other filings, should provide a clear picture of the Debtor's monthly income and expenses going forward so that parties in interest may make an informed judgment about the plan. *See In re Commercial Western Finance Corp.*, 761 F.2d at 1331 n.1; *see also In re Ferguson*, 474 B.R. at 470. The Combined Plan and Disclosure Statement states that the Debtor will receive $25,000 per month from its Mr. Pierce beginning on April 1, 2021 and that although the settlement will be received before the Effective Date, the total amount cannot yet be disclosed. ECF No. 73. The Debtor provided a declaration which states that the settlement funds Mr. Pierce will receive will be enough to cover $156,083.43 in arrearages, however the Debtor lists additional debts that require payment including $60,611.46 in Effective Date payments that do not go toward the Debtor's arrearages. ECF No. 74.

The Debtor has also failed to provide adequate financial information through timely MORs. *See* Docket. Specifically, the Debtor has failed to file MORs for March 2020, June 2020, July 2020, August 2020, September 2020, October 2020, November 2020, December 2020, and January 2021. *Id.* Besides this promise of monthly contributions which have not begun, the Debtor has reported any receipts over the course of this bankruptcy case. ECF No. 52. In order to meet the requirements of section 1125(a), the Debtor should provide adequate disclosure to demonstrate that the amount the Debtor will be receiving will be sufficient to fund the entirety of the plan. *See In re Ferguson*, 474 B.R. at 470.

### ii. The Debtor's Ability to Consummate the Plan on the Effective Date

The Combined Plan and Disclosure Statement does not contain sufficient evidence of financial wherewithal to consummate the plan on the Effective Date and it should be amended to show how the Debtor will meet its proposed Effective Date obligations. If a plan does not provide adequate information to demonstrate that the Debtor will be able to make its Effective Date obligations, parties in interest will

not be able to determine whether the plan is viable. *See Kunica v. St. Jean Fin., Inc.,* 233 B.R. at 54; *see also In re Reliable Med. Equip.,* 2010 Bankr. LEXIS 32, at *11 (Bankr. D. P.R. 2010). In this case, Exhibit 4 of the Combined Plan and Disclosure Statement states that on the Effective Date, the Debtor will make $60,611.46 in payments using $75,000 of cash on hand. ECF No. 73, p. 16. However, the Debtor's most recent MOR states that the Debtor has no cash on hand. ECF No. 52. Before the disclosure statement is approved, the Debtor should disclose how it will have sufficient cash and income to cover these Effective Date obligations in addition to the ongoing plan payments.

### iii. The Debtor's MORs

The Debtor is delinquent with respect to its statutory duty to timely file monthly operating reports as of the date of this Objection. *See* B.L.R. 2015-2. Consequently, the Debtor has failed to provide creditors with adequate information in the proposed disclosure statement in the form of MORs. In light of the Bankruptcy Code requirements to file MORs and the Debtor's lack of historical income, these reports are vital for creditors to have knowledge of the debtor's financial condition and make an informed decision on whether to vote in favor of the Debtor's plan. *In re Ariz. Fast Foods, Ltd. Liab. Co.*, 299 B.R. at 593. The Debtor has failed to file MORs for March 2020, June 2020, July 2020, August 2020, September 2020, October 2020, November 2020, December 2020, and January 2021. *See* Docket. The Debtor's most recent MOR for May 2020 states the Debtor has had no income over the course of the bankruptcy case thus far. ECF No. 52. Based on the Debtor's failure to provide adequate information in its Combined Plan and Disclosure Statement and in its bankruptcy case at large, approval of the Disclosure Statement should be denied until adequate information is provided. *In re De Edwards*, 2009 Bankr. LEXIS 2492, at *2 (Bankr. N.D. Cal. 2009; *see also In re Forest Grove, LLC*, 448 B.R. 729, 737-38 (Bankr. D.S.C. 2011) ("creditors should not be required to go on a treasure hunt throughout multiple filings in order to ascertain [adequate] information").

### b. The Combined Plan and Disclosure Statement Fails to Provide for Payment of fees to the United States Trustee

Part 7 of the Combined Plan and Disclosure Statement states that the Debtor "shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6)[.]" ECF No. 73. However, the Debtor has failed to budget for the payment of quarterly fees into its Exhibit 3 outline of the Debtor's monthly expenses. *Id*. at 15. United States Trustee quarterly fees

are due throughout the case, and therefore should be accounted for in the Debtor's budgeting. *See In re Barbetta, LLC,* 2014 Bankr. LEXIS 3121, at *12 (Bankr. E.D.N.C. 2014) (quarterly fees are due until a Chapter 11 case is closed). Before the Combined Plan and Disclosure Statement is approved for dissemination to creditors, the Debtor should amend to properly provide for payment of any quarterly fees throughout the remainder of the case and post-confirmation. The Debtor is obligated to provide adequate information to demonstrate that the Combined Plan and Disclosure Statement is feasible and in compliance with 11 U.S.C. §§ 1125 and 1129 by accounting for all potential payments required on the Effective Date and going forward. *In re Hogue*, 2011 Bankr. LEXIS 1120, at *13 (Bankr. D. Mont. 2011). Therefore, the Debtor's Disclosure Statement should not be approved until the aforementioned issues have been addressed.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Disclosure Statement should not be approved until the Debtor file its missing MORs and an amendment that clarifies and provides additional information as described above. *See* 11 U.S.C. § 1125. The United States Trustee reserves her right to object to any amendment(s) to the Combined Plan and Disclosure statement for failure to meet the requirements of 11 U.S.C. § 1125 and the Federal Rules of Bankruptcy Procedure. The United States Trustee also reserves her right to object to confirmation of the Plan for failure to meet the requirements of 11 U.S.C. § 1129 and the Federal Rules of Bankruptcy Procedure, and to take any other appropriate action.

Dated: March 10, 2021　　　　　　　　　TRACY HOPE DAVIS
　　　　　　　　　　　　　　　　　　　United States Trustee for Region 17

　　　　　　　　　　　　　　　　　　　 */s/ Trevor R. Fehr*
　　　　　　　　　　　　　　　　　　　Trevor R. Fehr
　　　　　　　　　　　　　　　　　　　Trial Attorney