In re:  Case No. 20-50182
Chapter 11

Pierce Contractors, Inc./

**[PROPOSED] FIRST AMENDED COMBINED PLAN OF REORGANIZATION
AND [PROPOSED] DISCLOSURE STATEMENT
April 27, 2021**

**INTRODUCTION**

    This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan).  The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

    Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 10% of their allowed claims in quarterly payments over 2 years.  Taxes and other priority claims would be paid in full, as shown in Part 3.

    Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan.  Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than May 4, 2021.  The court will hold a hearing on confirmation of the Plan on May 11, 2021 at 10:00 a.m.

    Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation.  Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case.  Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation.  Exhibit 3 shows Debtor's monthly income and expenses.  Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan.  Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

    Whether the Plan is confirmed is subject to complex legal

rules that cannot be fully described here.  You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts.  Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan.  If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights.  Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments.  Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**

**Property to be Surrendered.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1A | GM Financial | 2018 Chevrolet Camaro |
|  |  |  |

Debtor will surrender the above collateral on the Effective Date of the Plan.  The confirmation order will constitute an order for relief from stay.  Any secured claim is satisfied in full through surrender of the collateral.  Any deficiency claim is a general unsecured claim treated in Part 2.  Creditors in these classes shall retain their interest in the collateral. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1B | Ford Motor Credit | 2018 Ford F250 |
|  |  |  |

These creditors' legal, equitable, and contractual rights

remain unchanged with respect to the above collateral. The confirmation order will constitute an order for relief from stay. Creditors in these classes shall retain their interest in the collateral until paid in full. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**Debtor to Make Regular Payments and Pay Arrears Over Time.**

| Class | 1C | 1D | 1E |
|---|---|---|---|
| Name of Creditor | Superior Loan Servicing | Ford Motor Credit | Santa Clara County Tax Collector |
| Collateral | 194 Lantz Drive, Morgan Hill, CA | 2018 Ford F250 | 194 Lantz Drive, Morgan Hill, CA |
| Regular Monthly Payment | $13,253.94 | $1,095.36 | N/A |
| Estimated Arrears | $156,083.43 | $18,621.12 | $29,387.61 |
| Interest Rate on Arrears | Interest included in arrears | Interest included in arrears | Interest included in arrears |
| Monthly Payment on Arrears | $6,503.48 | $18,621.12 | $29,387.61 |

Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) with interest in 24 equal monthly payments, due the 1st day of the month, starting April 2021 on the above secured claims. To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the number of payments. Creditors in these classes shall retain their interest in the collateral until paid in full.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and entitled to vote on confirmation of the Plan.**

**Debtor to Strip Off Lien.**

| Class | Name of Creditor | Collateral | Amount Due |
|---|---|---|---|
| 1F | Richard and Yong Joyce | 194 Lantz Drive, Morgan Hill, CA | $487,799.84 |
| 1G | Richard and Yong Joyce | 194 Lantz Drive, Morgan Hill, CA | $311,361.68 |

Prior to confirmation, Debtor will obtain an order(s) or stipulation(s) fixing the secured amount of the above creditors' claims at zero. Debtor will pay nothing to those creditors as secured claims. Any claim of a creditor whose lien is stripped is a general unsecured claim treated in Part 2. Creditors in these classes shall retain their interest in the collateral consistent with the Court's Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). The Court's Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases will apply. **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2(a). [Other] General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| Richard and Yong Joyce | $487,799.84 | N | $48,779.98 | $2,032.50 |
| Richard and Yong Joyce | $311,361.68 | N | $31,136.68 | $1,297.36 |
|  |  |  |  |  |

[All known non-priority unsecured creditors, including deficiency claims, and rejection claims, whether scheduled or based on proofs of claim on file excluding those listed in Class 2(a), must be listed in the above table.]

Allowed claims of general unsecured creditors [not treated as small claims] (including allowed claims of creditors whose

executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

> **Percent Plan.** Creditors will receive 10% percent of their allowed claim in 24 equal monthly installments, due on the 1st day of the month, starting April 2021.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a) <u>Professional Fees</u>.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| The Mlnarik Law Group, Inc. | $40,000 |
| | |

(b) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| | |

|   |   |
|---|---|
|   |   |

(c) <u>Tax Claims</u>.  Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code.  Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year].  To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
|   |   |   |   |   |
|   |   |   |   |   |

**PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>.  Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder.  Post-confirmation obligations will be paid as they come due.  Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
|   |   |   |   |   |
|   |   |   |   |   |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>.  Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court.  Claims

arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
|  |  |
|  |  |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed [select one] [assumed/rejected].

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**
(a) <u>Discharge</u>.  Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**
(a) <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

Individual Chapter 11
Combined Plan & Disclosure Statement                     (Version: 7/30/12)
July 30, 2012
-7-
Case: 20-50182   Doc# 86   Filed: 04/27/21   Entered: 04/27/21 15:19:05   Page 7 of 17

(b) <u>Obligations to Each Class Separate</u>. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>. The bankruptcy court may

exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

## PART 7: GENERAL PROVISIONS

(a) <u>Effective Date of Plan</u>. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a federal rule of

decision or procedure applies, the laws of the State of California govern the Plan.

(f) <u>Lawsuits</u>.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| | | | | |
| | | | | |

(g) <u>Notices</u>. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

(h) <u>Post-Confirmation United States Trustee Fees</u>. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) <u>Deadline for § 1111(b) Election</u>. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: 4/27/2021

      /s/ Richard Pierce
President, Pierce Contractors, Inc.

      /s/ William W. Winters
Attorney for Debtor

**Attorney Certification**

    I, William W. Winters, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

    The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Class 2(b) Changed to Class 2(a) because 2(a) Not applicable

    I declare that the foregoing is true and correct. Executed this 27th day of April, 2021.

                                                  /s/ William W. Winters

                                                  Attorney for Debtor(s)

Individual Chapter 11
Combined Plan & Disclosure Statement       (Version: 7/30/12)
July 30, 2012    -12-

Case: 20-50182   Doc# 86   Filed: 04/27/21   Entered: 04/27/21 15:19:05   Page 12 of 17

**Exhibit 1 - Events That Led To Bankruptcy**

The Debtor acts as a holding company for the Property commonly known as 194 Lantz Drive, Morgan Hill, CA and several vehicles that are used in the business of the owner, Richard Pierce. Mr. Pierce runs a plumbing company in his own name. He funds the corporation with capital contributions from his earnings from the business. Prior to the filing, Mr. Pierce had a series of setbacks, beginning with licensing issues related to several judgments against him in his personal capacity and then being compounded by COVID-19. Mr. Pierce's business has not yet recovered from the damage that COVID 19 did to it, however, he is expecting to receive a large personal injury settlement prior to the Plan's Effective Date related to a plane crash that killed his wife, Stacey Pierce. Mr. Pierce is not allowed to disclose the amount of the settlement pursuant to its confidentiality provisions, but can represent that it is enough to fund the plan in its entirety.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 194 Lantz Drive, Morgan Hill

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 1,750,000 | 1st 1,800,000 | $87,500 | $0 | $0 | $0 |
| | 2nd 470,000 | | | | |
| | 3rd 29,000 | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $0 | $0 | $0 | $0 |
| Automobile #1 | $28,394.00 | $58,142.59 | $0 | $0 |
| Automobile #2 | $13,377.00 | $5,856.96 | $0 | $7,520.04 |
| Household Furnishings | $0 | $0 | $0 | $0 |
| Jewelry | $0 | $0 | $0 | $0 |
| Equipment | $0 | $0 | $0 | $0 |
| Stocks / Investments | $0 | $0 | $0 | $0 |
| Other Personal Property | $0 | $0 | $0 | $0 |
| TOTAL | | | | $7,520.04 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $7,520.04 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | $0 |
| Chapter 7 Administrative Claims [SUBTRACT] | $0 |
| Chapter 11 Administrative Claims [SUBTRACT] | $40,000 |
| Priority Claims [SUBTRACT] | $0 |
| Chapter 7 Trustee Fees [SUBTRACT] | $0 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | $0 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $0 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $800,000 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 10% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0% |

**Exhibit 3 - Monthly Income and Expenses**

| Income | Amount |
|---|---|
| Gross Employment Income | $0 |
| Gross Business Income | $0 |
| Capital Contribution from Owner – Monthly beginning June 1, 2021 – Effective Day Payments to be funded by separate Capital Contribution | $30,000 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $0 |
| **A. Total Monthly Income** | $0 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | $0 |
| Retirement Contributions (401k, IRA, PSP) | $0 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities)<br>(Total Arrearages on Principal Residence are $_____) | $15,000 |
| Household Expenses (food) | $0 |
| Transportation Expenses (car payments, insurance, fuel) | $0 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | $0 |
| Alimony / Child Support | $0 |
| Other Expenses | $0 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | $0 |
| **B. Total Monthly Expenses** | $0 |

| | |
|---|---|
| **C. Disposable Income** (Line A - Line B) | $15,000 |

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | $6,503.48 |
| Priority Claims | $375 |
| General Unsecured Creditors | $3,329.86 |
| | |
| **D. Total Plan Payments** | $ 10,208.34 |

| | |
|---|---|
| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $4,791.64 |

Individual Chapter 11
Combined Plan & Disclosure Statement (Version: 7/30/12)
July 30, 2012
-15-

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date Funded by Capital Contribution by Owner |  | $100,000.00 |
| Payments on Effective Date |  |  |
|     Unclassified Claims | $50,000.00 |  |
|     Administrative Expense Claims | $40,000.00 |  |
|     Priority Claims |  |  |
|     Small Claims (Class 2(a)) |  |  |
|     U.S. Trustee Fees | $375 |  |
| B. Total Payments on Effective Date |  | $90,375.00 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) |  | $9,625.00 |

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**
Real Property #1 Income: [Insert Address]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
|  | 1st |  |  |  |  |
|  | 2nd |  |  |  |  |
|  | 3rd |  |  |  |  |

[Add additional tables for additional real property]

Real Property #2 Income: [Insert Address]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
|  | 1st |  |  |  |  |
|  | 2nd |  |  |  |  |
|  | 3rd |  |  |  |  |

| A. Total Positive Cash Flow | |
|---|---|

**Properties with Negative Monthly Cash-Flow:**
Real Property #3 Income: [Insert Address]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
|  | 1st |  |  |  |  |
|  | 2nd |  |  |  |  |
|  | 3rd |  |  |  |  |

Real Property #4 Income: [Insert Address]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
|  | 1st |  |  |  |  |
|  | 2nd |  |  |  |  |
|  | 3rd |  |  |  |  |

| B. Total Negative Cash Flow | |
|---|---|