LAW OFFICE OF WILLIAM J. HEALY
WILLIAM J. HEALY, #146158
748 Holbrook Pl.
Sunnyvale, CA 94087
Telephone: (408) 373-4680

ATTORNEYS FOR
Richard W. Joyce and Yong Cha Joyce

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| In re:<br><br>PIERCE CONTRACTORS, INC.,<br><br>Debtor. | Case No. 20-50182 MEH<br><br>CHAPTER 11<br><br>**OBJECTION TO DEBTOR'S FIRST AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED APRIL 27, 2021** |

COME NOW, Richard W. Joyce and Yong Cha Joyce (jointly "JOYCE") and submit the following Objection to Debtor's First Amended Combined Plan of Reorganization and Disclosure Statement Dated April 27, 2021 ("Objection") in Response to Debtor's First Amended Combined Plan of Reorganization and Disclosure Statement Dated April 27, 2021 (Doc#86)("Plan and Disclosure Statement") as follows:

**I.  Summary of Joyce's Position.**

Joyce sold the Property to Debtor in 2019, carried back two notes supported by two deeds of trusts on the Property (See Proofs of Claim Nos. 6 and 7)[1], but thus far has not received a single payment on either note or deed of trust.

Although Joyce was, for unknown reasons, specifically and consistently excluded from notice of this case and Debtor's schedules (even after Joyce was referenced in two

---

[1] Claim No. 6's Note matured on July 24, 2019 and Claim No. 7's Note matures on May 24, 2021.

related motions for relief from stay, Debtor's two oppositions to those motions, and the court's analysis of those motions) Joyce simply wants to be paid.

**A. The Plan and Disclosure Statement Appear to Wrongfully Include Costs of Sale in The Section 506 Reference and Potentially Revalue The Property.**

The Plan and Disclosure Statement appears to anticipate Debtor pursing motion(s) to 'strip' Joyce's deed(s) of trust off the Property and base the potential motion(s) on (1) including the costs of sale (even though Debtor has previously and consistently maintained that the Property was necessary to an effective reorganization and there is not any suggestion of selling the Property) and (2) suddenly, and without basis, suggesting potentially revaluing the Property. Debtor's anticipated approach is wrong.

Where a Chapter 11 debtor proposes to retain property in a Chapter 11 plan and liens exceed the property's value, court must value the allowed amount of the secured claim under §506(a) as follows: (1) on basis of fair market value of collateral (willing buyer and willing seller), not a forced sale liquidation value; and (2) without deducting hypothetical costs of sale. (Taffi v. United States (In re Taffi), 68 F.3d 306 (9th Cir. 1995), *cert. denied*, 521 U.S. 1103 (1997); Lomas Mortgage USA v. Weise (In re Weise), 980 F.2d 1279 (9th Cir. 1992), vacated on other grounds, 508 U.S. 958, 113 S.Ct. 2925 (1993); and Associates Commercial Corp. v. Rash, 519 U.S. 1106 (1997)).

**B. Debtor is Judicially Estopped From Changing the Value of the Property.**

The Plan and Disclosure Statement may suggest that the Property suddenly declined in value (See Exhibit 2).

Since the commencement of this case (January 31, 2020) Debtor has, at every opportunity, repeatedly and consistently maintained that the Property had a value of $2,000,000 (See Summary of Assets and Liabilities (Doc#15 page 1/17), Schedule A/B (Doc#15, page 7/17), both oppositions to motions for relief from stay (Doc#36 and 56), and the only two MORs filed in this case (April 2020 Doc#51) and May 2020 (Doc#52). In fact, Debtor's success in avoiding relief from stay was, in part, based on the court's reliance on the $2,000,000 valuation.

The court must judicially estop any effort by Debtor to revalue the Property for purpose of Section 506 motions.

There are three factors in determining whether to apply judicial estoppel: (1) is the party's later position clearly inconsistent with its earlier position; (2) whether the party achieved success in the prior proceeding; and (3) whether the party asserting an inconsistent position would achieve an unfair advantage if not estopped. (United Steelworkers of America v. Retirement Income Plan for Hourly-Rated Employees of, ASARCO, 512 F.3d 555 (9th Cir. 2008); Hamilton v. State Farm Fire and Casualty Co., 270 F.3d 778 (9th Cir. 2001)---Debtor who failed to list insurance claim in bankruptcy schedules was judicially estopped from asserting that claim in subsequent lawsuit. "The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases.")

Judicial estoppel applies throughout different aspect of the same bankruptcy case in the same capacity (In re An-Tze Cheng, 308 B.R. 448 (9th Cir. B.A.P. 2004), aff'd and remanded, I160 Fed.Appx. 644 (9th Cir. 2005)).

**II.     General Objections to the Plan and Disclosure Statement.**

Joyce objects to the approval of the Plan and Disclosure Statement because it does not meet the requirements of Section 1125 of the Bankruptcy Code and should not be approved until it provides adequate information, as defined under Section 1125. The absence of MORs makes guessing information more difficult.

The Plan and Disclosure Statement is fundamentally inadequate because, inter alia, it fails to:

(1) state the current status of Debtor's principal Richard Alan Pierce's ("Mr. Pierce") effort's to secure effective date monies;

(2) state where Mr. Pierce will get the monies to fund the plan after the effective date and over the proposed plan payment period;

(3) explain why there is a $4,791.64 'left over' (See Exhibit 3) and why this 'extra' money is not part of the payments to unsecured creditors;

(4) explain why the payment period to unsecured creditors is twenty-four (24) months;

(5) address whether the holder of the 1st Deed of Trust ("1st DOT") consents to any of the proposed treatment;

(6) address whether Debtor will satisfy or extend the 1st DOT's maturity period of June 1, 2021;

(7) address how Debtor can fund this plan when according to the California Contractors State License Board (as of May 4, 2021) Mr. Pierce's California contractor's license (#639866) expired on April 30, 2021 and has been and remains suspended (ironically for failure to satisfy an outstanding judgment); and

(8) address the basis for believing that Mr. Pierce has, or will have, the ability to fund the plan in light of, inter alia, his six (6) prior personal bankruptcies (See USBC (CA ND) Nos. 94-53017 (dismissed), 01-52299 (Chapter 13 discharge), 14-54584 (dismissed), 19-51050 (dismissed), and 20-50499 (dismissed), and USBC (Nev) No. 19-14144 (dismissed)).

Dated: May 4, 2021

LAW OFFICE OF WILLIAM J. HEALY
/s/ William J. Healy
William J. Healy