LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, PC
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>PIERCE CONTRACTORS, INC.<br><br>Debtor | CASE NO.: 20-50182-MEH<br><br>**APPLICATION FOR ORDER UNDER 11 USC §327(A) AUTHORIZING EMPLOYMENT AND RETENTION OF THE FULLER LAW FIRM, P.C. AS ATTORNEYS FOR DEBTOR**<br><br>CHAPTER 11<br><br>Date: None Set<br>Time: None Set<br>Ctrm.: 11 |

Pierce Contractors, Inc. ("Debtor" hereinafter) applies to this Court for an order under Sections 327(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), authorizing the employment and retention of The Fuller Law Firm, P.C. as attorneys for the Debtor in the herein case (including the herein case if re-designated as a Subchapter V). In support of its Application, the Debtor relies on the Declaration of Lars T. Fuller and respectfully represents as follows:

1

## BACKGROUND

1. Debtor, represented by Mlnarik Law Group, Inc. filed the herein case on Jan. 13, 2020.

2. The Fuller Law Firm, P.C. substituted into this case on June 17, 2021.

3. The Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409. The Motion is a core proceeding under 28 U.S.C. §157(b) (2). The statutory predicates for the relief requested in the Motion are Sections 105(a), 331, 503(b) and 507(a) of the Bankruptcy Code.

### The Real Property

4. At the time of the filing of the case, Debtor was the owner of real property at 194 Lantz Drive Morgan Hill, CA 95037 ("Property" hereinafter). Per appraisal from Michael Barcells, the Property had a value as of Feb. 3, 2021 of $1,750,000 and as of the petition date, was encumbered as follows:

| | |
|---|---|
| Property taxes | $ 25,073.49 |
| 1st Sassan Raissi, et al | $1,614,709.91[1] |
| 2nd- Richard & Yong Cha Joyce (Recording No. **8237; POC 6) | $ 487,799.84 |
| 3rd Richard & Yong Cha Joyce (Recording No. **8238; POC 7) | $ 311,361.68 |

5. On Nov. 9, 2020 Sassan Raissi, et al filed a motion for relief from the automatic stay. On June 15, 2021, an Order for Relief from the Automatic Stay was entered.

---

[1] The note has come due and per the terms of the note, there is a default provision increasing the balance owed.

2
Application for Order Authorizing Employment of The Fuller Law Firm, P.C. as Attorneys for Debtor

6. Notwithstanding the relief from stay order, debtor believes it has a confirmable plan and is prepared to expedite the case towards confirmation as follows:

    a. Debtor is evaluating re-designating case to a Subchapter V

    b. Debtor will bring a motion to value to pay in full or possibly cram 1st trust deed and to cram/strip junior liens

    c. concurrently Debtor will bring a motion authorizing debtor to refinance the 1st trust deed (term sheet already received) to take out the existing first trust deed with a cash infusion tentatively estimated at approximately $800,000 from Richard Pierce's sons.

## RELIEF REQUESTED

7. By its application, the Debtor seeks to employ and retain The Fuller Law Firm, P.C. as its principal bankruptcy counsel with regard to the prosecution of its Chapter 11 case through the date the final decree is entered or the case is converted or dismissed. Accordingly, the Debtor respectfully requests entry of an order under Bankruptcy Code §327 authorizing the Debtor to employ and retain The Fuller Law Firm, P.C. as its attorney under a general retainer to perform the legal services that will be necessary during its Chapter 11 case to the date the final decree is entered or the case is dismissed or converted.

8. Debtor has selected The Fuller Law Firm, P.C. to represent it because The Fuller Law Firm, P.C. has represented debtors in the Northern District of California for over 30 years, has successfully handled numerous Chapter 11 cases through confirmation, has obtained confirmation of several cases filed under Sub Chapter V, because Richard Pierce, on behalf of debtor, had consulted with The Fuller Law Firm, P.C. a few years ago (though never retained) and because of the reputation of the firm in the community.

3
Application for Order Authorizing Employment of The Fuller Law Firm, P.C. as Attorneys for Debtor
Case: 20-50182    Doc# 120    Filed: 06/25/21    Entered: 06/25/21 16:06:05    Page 3 of 8

9. Except for adversary proceedings, which are frequently handled by Sam Taherian of The Fuller Law Firm, P.C., well over 90% of the work performed on Chapter 11 cases is performed by Lars T. Fuller. The Fuller Law Firm, P.C. is competent to handle Chapter 11 cases.

10. In the last years, The Fuller Law Firm, P.C. has confirmed the following Chapter 11 cases:

| Debtor(s) | Case No. | Confirmation Date |
|---|---|---|
| Sall, Quinn & Lisa | 09-57603-RLE | Sept. 29, 2011 |
| Kashanian, Majid & Mozafar, Setareh | 10-33309-TEC | Aug. 21, 2012 |
| Wu, Raymond | 10-52169-ASW | Sept. 13, 2011 |
| Sam, Tuan & Quinn, Jessica | 10-56702-RLE | May 11, 2011 |
| Deaton, Julian | 10-63015-SLJ | Oct. 14, 2011 |
| Koliatsis, Theodoras | 11-30620-TEC | Feb. 7, 2012 |
| Ahmadi, Rahmatollah & Shiva | 11-53851-SLJ | Oct. 20, 2011 |
| Armendariz, Maria | 12-50317-SLJ | Oct. 4, 2012 |
| Robert Beltran (Chpt. 18) | 11-60246-CN | Nov. 27, 2012 |
| Azucena Zipagan | 12-52647-SLJ | Feb. 17, 2013 |
| Gursharn and Manjit Sidhu | 12-52568-CN | March 18, 2013 |
| Christopher Cruzado | 13-50966-CN | May 29, 2013 |
| Sergio and Kristine Tovar | 12-57321-SLJ | July 18, 2013 |
| Gregory & Pearl Zavertnik | 12-58774-CN | Oct. 4, 2013 |
| Wong, John and Jennifer | 13-54113-CN | Nov. 22, 2013 |
| Pascua, Fernando & Leticia | 13-50870-CN | April 7, 2014 |
| Belinda Warner | 14-41523-EH | Oct. 6, 2014 |
| Calinawan, Camilo & Elsida | 13-56315-SLJ | Dec. 16, 2014 |
| Gregorio Lucio (Chapter 18) | 12-54078-ASW | Apr. 30, 2015 |
| Ricardo Diaz-Sotelo | 14-54551-ASW | June 30, 2015 |
| Castle, Michael | 10-55820-DM | Aug. 12, 2015 |
| Campbell, Linda | 14-54238-CN | Jan. 8, 2016 |
| Burnt Rice Korean Restaurant, Inc. | 15-53371-MEH | May 24, 2016 |
| Laguna, Teresita | 15-43297-CN | April 10, 2017 |
| Ro, Munhyeon and Jeong Hee | 16-51961-SLJ | April 18, 2017 |
| McConnell, Patricia | 15-51621-MEH | June 8, 2017 |
| Santa Cruz Plumbing, Inc. | 17-50324-SLJ | Dec. 12, 2017 |
| Syu Sing Investments, LLC | 17-51995-SLJ | Feb. 7, 2018 |
| Casa De Montgomery, Inc. | 17-53037-SLJ | Mar. 13, 2018 |
| Kenneth & Kathleen Blackwell | 18-51892-SLJ | Feb. 27, 2019 |
| Stephen Byrd & Barbara Mann | 18-50957-SLJ | Mar. 27, 2019 |
| Hung Tran | 18-41537-RLE | Apr. 5, 2019 |
| Eleazar and Sheryll Sunga (Subchpt V) | 19-30971-DM | Aug. 11, 2020 |
| Hai & Makara Vu (SubChpt. V) | 20-50412-MEH | July 28, 2020 |
| In re Pneuma (Subchapter V) | 20-41618-CN | Feb. 11, 2021 |

In re Esther Corona, Inc. (Subchapter V)     21-50088-MEH     Apr. 20, 2021

**SERVICES TO BE RENDERED**

11.  The Fuller Law Firm, P.C. will be required to render, among others, the following services to the Debtor:

(a)     Advise the Debtor with respect to its powers and duties as Debtor-in-possession.

(b)     attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the case, including all of the legal and administrative requirements of being in Chapter 11;

(c)     Take all necessary action to protect and preserve the Debtor's estate.

(d)     Prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate and to review but not to prepare the monthly operating reports required to be filed in the herein case.

(e)     negotiate and prepare on the Debtor's behalf a plan for reorganization, and all related agreements and/or documents and take any necessary action on behalf of the Debtor to obtain confirmation of such plan.;

(f)     advise the Debtor in connection with the possible sale or any possible re-finance of its assets;

(g)     appear before the Court and the U.S. Trustee and protect the interest of the Debtor's estate before such courts and the U.S. Trustee; and

(h)     Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with its Chapter 11 case.

## DISINTERESTEDNESS OF PROFESSIONALS

12. To the best of the Debtor's knowledge, the attorneys of The Fuller Law Firm, P.C. (i) do not have any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys; (ii) are "disinterested persons" as that term is defined by Section 101(14) of the Bankruptcy Code; and (iii) do not hold or represent any interest adverse to the estate, except as may be set forth in its Application and in the accompanying declarations.

13. As set forth in the Declaration of Lars T. Fuller, to the best of his knowledge and belief:

    a. Neither The Fuller Law Firm, P.C. nor any of its employees holds or represents an interest adverse to the Debtor's estate.

    b. Neither The Fuller Law Firm, P.C. nor its employees is or was a creditor, an equity security holder, or an insider of the Debtor.

    c. Neither The Fuller Law Firm, P.C. nor its employees has any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or for any other reason.

    d. No attorney at The Fuller Law Firm, P.C. is related to any United States Bankruptcy Judge or United States District Judge or to any known employees of the Bankruptcy Courts or District Courts.

## PROFESSIONAL COMPENSATION

14. The Fuller Law Firm, P.C. has received a retainer of $25,000 from Bradley L. Pierce representing non-estate funds concurrent with substituting into this case. These funds were deposited into The Fuller Law Firm, P.C. attorney-client trust account.

15. For the professional services, The Fuller Law Firm, P.C.'s fees are based on its current customary hourly rates which are periodically adjusted in accordance with The Fuller Law Firm, P.C.'s regular policies. Based on the Attorney Client Fee Agreement, Debtor has agreed to the following hourly rates:

| | |
|---|---|
| Lars T. Fuller | $505 |
| Saman Taherian | $485 |
| Joyce Lau | $395 |

16. The Fuller Law Firm, P.C. bills for all time expended on the case in 0.1 hour increments. Further, The Fuller Law Firm, P.C. bills for all costs incurred except that no costs are billed for domestic phone calls or for facsimile transmissions.

17. The Fuller Law Firm, P.C. intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in the Chapter 11 case in accordance with the applicable provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of the Court. The Fuller Law Firm, P.C. will seek compensation for the services of each attorney acting on behalf of the Debtor in its case at the then current rate charged for such services.

18. The Fuller Law Firm, P.C. has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services; the necessity of such services to the administration of the estate; the reasonableness of the time within which the services were performed in relation to the results achieved; and the complexity, importance, and nature of the problems, issues, or tasks addressed in her case.

19. Other than described above, no arrangement is proposed between the Debtor and The Fuller Law Firm, P.C. for compensation to be paid in its case.

20. No previous request for relief sought in the herein Application have been made by The Fuller Law Firm, P.C. to the Court or any other court.

WHEREFORE, the Debtor and its counsel request that the Court enter an order granting the relief requested above and any additional relief the Court deems appropriate. It is respectfully requested that the order be nunc pro tunc for all services provided as of the date The Fuller Law Firm, P.C. substituted into the case.

DATED: June 18, 2021         THE FULLER LAW FIRM, PC

                             By:  /s/ Lars T. Fuller
                                  LARS T. FULLER
                                  Attorney for Debtor

DATED: June 24, 2021

                             By:  /s/ Richard Pierce
                                  RICHARD PIERCE
                                  Designated Responsible Individual for Debtor