LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, PC
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>PIERCE CONTRACTORS, INC.<br><br>Debtor | CASE NO.: 20-50182-MEH<br><br>**SUPPLEMENTAL DECLARATION OF LARS T. FULLER IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF THE FULLER LAW FIRM, P.C. AS ATTORNEYS FOR DEBTOR**<br><br>CHAPTER 11<br><br>Date: None Set<br>Time: None Set<br>Ctrm.: 11 |

I, Lars T. Fuller, declare and say:

1. I am an attorney at law licensed to practice in the State of California and this Court.

2. On June 17, 2021, The Fuller Law Firm, P.C. substituted into this case.

3. On June 25, 2021 I caused to be filed The Fuller Law Firm, P.C.'s Application for Employment.

1
Supplemental Declaration of Lars T. Fuller in Support of Application for Order Authorizing Employment of The Fuller Law Firm, P.C. as Attorneys for Debtor

4.	Yesterday I received a call from Mr. Fehr of the Office of the United States Trustee requesting additional information as to the retainer received.

5.	Debtor was admonished that the retainer could not come from estate funds.

6.	The attorney-client agreement specifically provides that the retainer may not come from estate funds.

7.	Mr. Fehr requested that the Attorney-Client fee agreement be produced. Usually I am hesitant to produce the agreement. However, in this case I will. A true and correct copy of the Fee Agreement is attached hereto as Exhibit 1.

8.	The retainer was in fact paid from Bradley L. Pierce, Richard's Pierce's son. On information and belief, it is a gift. A true and correct copy of the cashier's check is attached hereto as Exhibit 2.

9.	The retainer was deposited in trust. No withdrawals have been made nor will any be made unless this case is dismissed or after obtaining an order from the Court.

Allowance of Post-petition Retainers

10.	Courts are split on the allowance of post-petition retainers.

In In re Troung, 259 B.R. 264 (Bankr. N.J. 2001) chapter 11 debtors filed an application to pay a post-petition retainer to their counsel. The U.S. Trustee filed a limited objection, arguing that before the retainer is disbursed, the court must find that the factors in In re Knudsen Corp., 84 B.R. 668 (9th Cir. BAP 1988) have been satisfied.

The Truong opinion recites the Knudson factors, which are as follows:

1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;
2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;

2

Supplemental Declaration of Lars T. Fuller in Support of Application for Order Authorizing Employment of The Fuller Law Firm, P.C. as Attorneys for Debtor

3. The court is satisfied that counsel can respond to any subsequent court disallowance of the fees already paid; and

4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

While the Troung, opinion stressed that the Knudson factors have been widely followed, citing In re Bennett Funding Group, Inc., 213 B.R. 227, 232-233 (Bankr.N.D.N.Y.1997); In re W & W Protection Agency, Inc., 200 B.R. 615, 620-621 (Bankr.S.D.Ohio 1996); In re Dandy Lion Inns of Am., 120 B.R. 1015, 1017-1018 (D.Neb.1990), the opinion went on to state that ." the Knudson factors are better suited for large cases, but "the test is too restrictive for the broad range of retention terms permitted by Code § 328, which is restricted only by the reasonableness of the retention terms proposed by the applicant. Regardless of the size of the case, the bottom line consideration should be whether the terms of retention are fair; both to the professional whose retention is sought, as well as to the debtor and its creditors who must bear the expense.´ Troung at 267.

The Truong opinion preferred the analysis set forth in Jefferson for post-petition retainer in a smaller chapter 11. The Jefferson opinion acknowledged the Knudsen factors, but also considered:

1. the retainer's economic impact on the debtor's ongoing business operation;
2. the retainer's economic impact on the debtor's ability to reorganize;
3. the amount and reasonableness of the retainer;
4. the reputation of debtor's counsel; and
5. the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified.

Troung at 268, citing Jefferson.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

11. Debtor contends that the Jefferson factors should control this small case.

12. Regardless, here the retainer is not even coming from the estate. Rather it is a gift from Richard Pierce's son emanating from a wrongful death recovery arising from a plane crash with the tragic loss of Richard's wife and Bradley's mother.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Santa Clara County, California

DATED: June 29, 2021                THE FULLER LAW FIRM, PC

                                     By:  /s/ *Lars T. Fuller*
                                              LARS T. FULLER
                                              Attorney for Debtor

4
Supplemental Declaration of Lars T. Fuller in Support of Application for Order Authorizing Employment of The Fuller Law Firm, P.C. as Attorneys for Debtor

Case: 20-50182    Doc# 122    Filed: 06/29/21    Entered: 06/29/21 12:00:43    Page 4 of 10

# EXHIBIT 1

## The Fuller Law Firm

300 Frank H. Ogawa Plaza, Ste 224
Oakland, CA 94612
Tel. (510) 444-3613

60 No. Keeble Ave.
San Jose, CA 95126
Tel. (408)295-5595
Fax. (408)295-9852

9 W. Gabilan Ave. Suite 17
Salinas, CA 93901
Tel. (831) 758-6588

### LEGAL SERVICES AGREEMENT

1. **IDENTIFICATION OF PARTIES.** This agreement is made by and between The Fuller Law Firm, P.C. hereinafter referred to as "Attorney" and Pierce Contractor's, Inc., hereinafter referred to as "Client".

2. **LEGAL SERVICES TO BE PROVIDED.** Attorney shall represent debtor as debtor in possession in a Chapter 11 now case now pending in the Northern District of California, San Jose Division as Case No. 20-50182. In Attorney's judgment, the case may be re-designated as a Subchapter V case. Legal Services specifically exclude any appellate work or representation in a subsequent or converted case.

3. **RESPONSIBILITY OF ATTORNEY AND CLIENT.** Attorney shall keep Client reasonably informed of significant developments relating to the representation and timely comply with reasonable requests for information. Client shall be truthful and cooperative with Attorney and keep Attorney reasonably informed of Client's address, telephone number and whereabouts.

4. **ATTORNEY'S FEES.** The amount Attorney will receive for Attorney's fees for the legal services to be provided under this Agreement will be based on the time expended by Attorney. Attorney bills in 0.1 hour increments. The following rates shall apply:

| | |
|---|---|
| Lars T. Fuller | $505 / hour |
| Sam Taherian | $485 / hour |
| Joyce Lau | $405 / hour |

Client shall deposit, from non-estate funds, an initial retainer of $25,000 before commencement of representation. Regardless of the source of the retainer, Attorney's duties are solely to estate and Attorney will not accept direction from the payer as how to prosecute the case.

5. **COSTS.** Costs include, but are not limited to court filing fees, deposition costs, expert fees and expenses, investigation costs, messenger service fees, process server charges, recorded document retrieval costs.

6. **SETTLEMENT.** Attorney will notify Client promptly of the terms of any written settlement offer received by Attorney.

7. **DISCHARGE OF ATTORNEY.** Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of the notice. Notwithstanding the discharge, Client will be obligated to pay Attorney for Attorney's fees earned through the date of discharge, subject to any order of the Court. Attorney may withdraw at any time so long as the withdrawal is permitted under the Rules of Professional Conduct.

8. **RELEASE OF CLIENT'S PAPERS.** At the conclusion of services under this agreement, Attorney will release promptly to Client on request all of Client's papers and property. Attorney is hereby authorized to destroy Client's file two years after termination of services.

9. **DISCLAIMER OF GUARANTY.** Although Attorney may offer an opinion about possible results regarding the subject matter of this agreement, Attorney cannot guarantee any particular outcome. Client acknowledges that Attorney has made no promise about the outcome and that any opinion offered by Attorney in the future will not constitute a guarantee.

10. **ENTIRE AGREEMENT.** This agreement constitutes the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties. Any subsequent modifications must be in writing signed by the parties.

11. **SEVERABILITY.** If any provision of this agreement is held to be unenforceable, the remainder of that provision and the entire agreement will be severable and remain in effect.

I have read and understood the foregoing terms and agree to them as of the date Attorney first provided services.

Dated: June 11, 2021

THE FULLER LAW FIRM, P.C.

By: _____
Lars T. Fuller
Attorney At Law

Dated: June 11, 2021          PIERCE CONTRACTORS INC.

By: _____
         Richard Pierce
CEO
CLIENT

    I Richard Pierce hereby guaranty the obligations of Pierce Contractors, Inc. I understand that is a continuing guarantee such that remedies against Pierce Contractors, Inc. need not be exhausted before pursuing the obligations under this guaranty.

By _____
         Richard Pierce
Guarantor

# EXHIBIT 2

```
CHASE                          CASHIER'S CHECK                              NEW 01/21 8810004306
                                                                          1132242708    91-2
Remitter:   BRADLEY L PIERCE                    Date  06/10/2021   Void after 7 years    1221

Pay To The   LARS FULLER LAW FIRM
Order Of:

Pay:   TWENTY FIVE THOUSAND
       DOLLARS AND 00 CENTS                                    $** 25,000.00 **

              Do not write outside this box         Drawer:  JPMORGAN CHASE BANK, N.A.
Memo:
Note: For information only. Comment has no effect on bank's payment.
                                                    Rebecca Griffin, Chief Administrative Officer
                                                    JPMorgan Chase Bank, N.A.
                                                    Phoenix, AZ

       ⑈2708⑈
```